FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JUN -1 AM 9:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| FANT BROADCASTING CO. OF NEBRASKA, INC., WNAL-TV, INC., and CINCINNATI INSURANCE CO., AS SUBROGEE OF FANT BROADCASTING CO. OF NEBRASKA, INC. And WNAL-TV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LARCAN TTC, INC., <br><br> Defendant. | CASE NO. CV 97-B-1070-S <br><br><br> ENTERED <br> JUN 0 1 1998 |

MEMORANDUM OPINION

Currently before the court is the Motion of the defendant, Larcan TTC, Inc., ("defendant" or "Larcan") to Stay. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendant's motion is due to be granted. The court is also of the opinion that this case is due to be dismissed without prejudice.

This dispute arises out of the alleged breach of a contract between the parties for the purchase and service of a television transmitter. Defendant alleges that the contract of sale signed by the parties contained an arbitration clause, and moves the court to stay this action pending arbitration of the dispute. Plaintiffs contend that the contract of sale signed by the parties contained no arbitration clause. On the basis of this contention, plaintiffs argue that defendant's Motion to Stay is due to be denied.



## FACTUAL SUMMARY

In 1994, Anthony J. Fant, as president of plaintiff Fant Broadcasting Company of Nebraska, Inc., ("plaintiff" or "Fant") negotiated a contract with defendant Larcan for the purchase of a television transmitter. (Fant Aff. ¶ 1; Freeman Aff. ¶ 2.) Dirk Freeman, president of Larcan from April, 1990 to October, 1994, represented Larcan during the negotiations. (Freeman Aff. ¶¶ 1-2.)

Mr. Freeman contends that in May of 1994, he instructed his assistant to send a proposed contract to Mr. Fant for the sale of certain television transmitters to Fant, one of which was to be used at WNAL-TV in Gadsden, Alabama. (Freeman Aff. ¶ 3.) Mr. Freeman further contends that the proposed contract was 17 pages in length and included pages 13-16, marked "Terms and Conditions of Sale." (*Id.*) Larcan has submitted as evidence a copy of this proposed contract which includes pages 13-16, marked "Terms and Conditions of Sale." (*See* Def.'s Ex. 1 in Supp. of Reply Br.) Included in the "Terms and Conditions of Sale" portion of the proposed contract is an arbitration clause which reads: "Any disputes between the parties under, relating to or arising out of this Agreement shall be settled by arbitration in Denver, Colorado under the Commercial Arbitration Rules of the American Arbitration Association then in effect." (*See id.* at 16.)

In his affidavit, Anthony J. Fant states that the contract he signed did not contain pages 13-16, titled "Terms and Conditions of Sale." (Fant Aff. ¶¶ 1-2.) Mr. Fant further states that there were not two different types of paper in the body of the main contract and that an agreement to arbitrate was never discussed and was not part of the agreement Fant Broadcasting reached with Larcan. (Fant Aff. ¶ 2.) Despite these contentions, the contract

2

submitted by plaintiffs in support of their Opposition to plaintiff's Motion to Stay does contain the "Terms and Conditions of Sale" portion of the contract, which contains the arbitration clause at issue. (*See* Pls.' Ex. A in Supp. of Opp'n at 13,15; Ex. A to Pls.' Mot. to Supplement.)[1] Plaintiffs do not explain how or when these pages were deleted from the final contract executed by the parties. (*See* Pls.' Opp'n to Mot. to Stay at 2-3.)

## DISCUSSION

The Federal Arbitration Act ("FAA") evinces "a liberal federal policy favoring arbitration agreements . . ." *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1. 24 (1983). Section 2 of the FAA states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 3 of the FAA provides for a stay of judicial proceedings while the parties have an opportunity to arbitrate a dispute referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue on such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the

---

[1] Exhibit A to Plaintiffs' Motion to Supplement consists of pages 14 and 16 of the contract at issue. Plaintiffs aver that these pages were left out of the original copy of the contract submitted to the court because they were printed on the back side of pages 13 and 15.

>action until such arbitration has been had in accordance with the
>terms of the agreement, providing the applicant for the stay is not
>in default in proceeding with such arbitration.

9 U.S.C. § 3.  Defendant seeks a stay of the present action pursuant to § 3 of the FAA.

The contract dispute between the parties to this suit is arbitrable pursuant to § 3 of the FAA.  There is no evidentiary basis to support Mr. Fant's conclusory allegation that the contract executed by the parties did not contain the "Terms and Conditions of Sale" portion of the contract.  The parties have submitted nearly identical contracts as evidence of their agreement concerning the sale and service of the television transmitters.[2]  Both of these contracts include a provision by which the parties agree to arbitrate all contract disputes.  Thus, there is no reasonable basis on which one could conclude that the parties executed a final contract materially different from the contracts submitted to the court evidencing an agreement to arbitrate.

In his affidavit, Mr. Fant avers that the contract he executed did not contain the "Terms and Conditions of Sale" portion of the contract.  However, the court finds it implausible that Mr. Freeman sent Mr. Fant a proposed contract with seventeen consecutively numbered pages, but omitted pages 13-16 from the final contract.  Mr. Freeman testified in his affidavit that in

---

[2] The contracts submitted by the parties differ slightly.  The contract submitted by defendant bears handwritten notations on pages 7, 9, and 11 which are not found in plaintiffs' copy.  Furthermore, plaintiffs' copy of the contract bears print on both the front and back side of pages 13-16, while defendant's does not.  A final difference between the contracts submitted by the parties is Mr. Freeman's signature found on page 17.  Although Mr. Freeman appears to have signed and dated both contracts presented to the court, the signatures and dates are obviously not exact duplicates of one another.  From this the court concludes that more than one version of the contract was executed by the parties.  However, these variations are irrelevant for purposes of defendant's motion, because both versions of the contract submitted to the court include an arbitration clause in the "Terms and Conditions of Sale" portion of the contract.

May of 1994, he sent Mr. Fant a proposed contract containing the "Terms and Conditions of Sale" portion of the contract. Thus, in order for Mr. Fant's contention that the final contract did not include pages 13-16 to stand, one or both of the parties must have removed pages 13-16 from the proposed contract. Neither Mr. Fant nor Mr. Freeman attests that any such deletion from the proposed contract occurred.

To the extent Mr. Fant contends that he never discussed arbitration during the contract negotiations with Larcan, the court finds this argument unavailing. (See Fant Aff. § 2.) The court has recently addressed the issue of whether arbitration agreements allegedly signed in ignorance of their contents are valid. *See Kelly v. UHC Management Company, Inc.*, 967 F. Supp. 1240, 1257 (N.D. Ala. 1997). As this court stated in the *Kelly* opinion, "absent a showing of fraud or incompetence, one who signs an agreement cannot avoid his or her obligations under that agreement by arguing that he or she did not read what he or she signed." *Kelly*, 967 F. Supp. at 1257 (citation omitted). Thus, Mr. Fant's statement that he never discussed arbitration during contract negotiations with Larcan is irrelevant in the face of a validly executed contract containing an arbitration clause.

Based on the signed contracts submitted by the parties, the great weight of the evidence suggests that the final contract did contain an arbitration provision. Mr. Freeman's statement that the final contract executed by the parties contained the "Terms and Conditions of Sale" portion of the contract controverts Mr. Fant's statement that the final contract did not include this portion of the contract. However, in light of the lack of a coherent or credible explanation for the alleged deletion of pages 13-16 from the final contract, the contracts submitted by the parties as evidence of their agreement control this factual dispute. Plaintiffs' evidence fails to

refute and, in part, confirms defendant's evidence that the final contract included the arbitration clause found on page 16 of the document. Therefore, defendant's Motion to Stay is due to be granted and this case is dismissed without prejudice pending arbitration of the contract dispute between the parties to the litigation.

## CONCLUSION

The court finds that there is no ambiguity in the contracts submitted to the court as evidence regarding defendant's Motion to Stay. Both contracts submitted as evidence clearly contain a clause by which the parties agree to arbitrate all disputes. Therefore, defendant's Motion to Stay is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 1st day of June, 1998.

SHARON LOVELACE BLACKBURN
United States District Judge